# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR RODRIGUEZ LOPEZ,<br><br>Petitioners,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-00132-JLT-SAB-HC<br><br>ORDER DIRECTING RESPONDENTS TO FILE SUPPLEMENTAL BRIEF AND SUPPORTING DOCUMENTATION |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 11, 2026, Respondents filed an answer to the petition. (ECF No. 13.) As a court order was returned to the Court as undeliverable and a search of the U.S. Immigration and Customs Enforcement ("ICE") Online Detainee Locator System using Petitioner's A-number returned with zero results, the Court ordered Respondents to "inform the Court of Petitioner's current custody status and file any supporting documentation." (ECF No. 17.)

On March 23, 2026, Respondents file a status report, which stated "that immigration authorities released the petitioner from their custody on February 27, 2026." (ECF No. 18.) Respondents provide no further details regarding whether Petitioner was released from immigration detention and is still in the United States, or whether Petitioner was removed from the United States and to which country Petitioner was removed. Additionally, Respondents failed to file any supporting documentation.

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

As Petitioner is no longer in immigration detention, it appears that Ground One of the petition may be moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging only length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention"). However, the petition also raises other grounds for relief. Specifically, the petition challenges Respondents' third country removal policy on various grounds. (ECF No. 1 at 14–16.) "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." Abdala, 488 F.3d at 1064. The Ninth Circuit has noted that "'extreme circumstances'—such as removal in contravention of due process— . . . would permit review of [habeas] claims" despite a petitioner's removal from the United States. Abdala, 488 F.3d at 1065 n.2 (citing Miranda v. Reno, 238 F.3d 1156, 1158–59 (9th Cir. 2001); Singh v. Waters, 87 F.3d 346, 349 (9th Cir. 1996) (allowing claim that the INS removed an immigrant "in violation of the immigration judge's order and after interference with his right to counsel" to proceed); Mendez v. INS, 563 F.2d 956, 957–58 (9th Cir. 1977) (considering claim that "deportation was effected by procedurally defective means" because "'departure' in the context of 8 U.S.C. § 1105a cannot mean 'departure in contravention of procedural due process'")).

Accordingly, IT IS HEREBY ORDERED that within **fourteen (14) days** of the date of service of this order, Respondents SHALL FILE: (1) a supplemental brief addressing the mootness issues set forth above and whether Petitioner was released from immigration detention

and is still in the United States, or whether Petitioner was removed from the United States and to which country Petitioner was removed; and (2) supporting documentation.

IT IS SO ORDERED.

Dated:   **March 26, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3