# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

OSCAR RODRIGUEZ LOPEZ,

    Petitioners,

    v.

CHRISTOPHER CHESTNUT, et al.,

    Respondents.

Case No. 1:26-cv-00132-JLT-SAB-HC

FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Guatemala. (ECF No. 1 at 2.[1]) On June 9, 2016, an immigration judge ordered Petitioner removed to Guatemala. (ECF No. 13-2 at 2.) On October 31, 2016, the Board of Immigration Appeals dismissed Petitioner's appeal, and Petitioner was removed to Guatemala on November 23, 2016. (ECF No. 13-3 at 3.)

Petitioner subsequently reentered the United States. Immigration authorities detained Petitioner in 2019 and reinstated his prior order of removal pursuant to 8 U.S.C. § 1231(a)(5). (ECF No. 13-3 at 3–4; ECF No. 13-4.) Petitioner was placed in withholding-only proceedings

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

after he claimed fear of being returned to Guatemala. (ECF No. 13-3 at 4.) Before those withholding-only proceedings concluded and during the COVID-19 pandemic, immigration authorities released Petitioner due to his medical history of asthma and obstructive pulmonary impairment on April 1, 2020. (ECF No. 13-3 at 4.) On September 15, 2025, Petitioner went to report as ordered and was re-detained. (ECF No. 1 at 2; ECF No. 13-3 at 4.) A final merits hearing on his withholding-only proceedings was scheduled for April 1, 2026.[2] (ECF No. 13-5.)

Meanwhile, on January 8, 2026, Petitioner filed a petition for writ of habeas corpus, asserting that: (1) Petitioner's continued detention in immigration custody violates due process because there is no significant likelihood of removal in the reasonably foreseeable future; (2) ICE's third country removal procedures violates the Fifth Amendment, the Immigration and Nationality Act ("INA"), the Convention Against Torture ("CAT"), and implementing regulations; (3) punitive third-country banishments violate the Fifth and Eighth Amendments; and (4) Petitioner's continued detention violates due process, 8 C.F.R. § 241.123, and the Administrative Procedures Act. (ECF No. 1 at 13–18.)

On February 11, 2026, Respondents filed an answer. (ECF No. 13.) Per the Court's orders, (ECF Nos. 17, 19), Respondents notified the Court that "immigration authorities released Rodriguez Lopez into the United States on an order of supervision in late February." (ECF No. 20 at 1.)

**II.**

**DISCUSSION**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

---

[2] A review of the Executive Office for Immigration Review's ("EOIR") Automated Case Information System shows that there are no future hearings scheduled and the case is still pending. See EOIR, Automated Case Information System, https://acis.eoir.justice.gov/en/ (last visited May 19, 2026).

favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner requested release from custody and challenged Respondents' third country removal policy. (ECF No. 1 at 19.) On February 27, 2026, Petitioner was released from custody on an order of supervision. (ECF Nos. 20-1, 20-2.) As Petitioner is no longer in federal immigration detention, the Court finds that no case or controversy exists with respect to Grounds One and Four of the petition and those claims should be dismissed. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

With respect to Petitioner's challenge to Respondents' third country removal policy in Grounds Two and Three, the reinstated removal order orders Petitioner removed to his home country of Guatemala. As there is nothing before the Court suggesting that Respondents intend to remove Petitioner to a third country, the Court recommends finding that Petitioner is not entitled to habeas relief on Grounds Two and Three. See Gevorgyan v. Noem, No. 5:25-CV-03408-SRM-ADS, 2026 WL 20902, at *5 (C.D. Cal. 2026) (finding "Petitioner's third-country removal claim is not constitutionally ripe" because officer "attests that ICE intends to remove him to Armenia and that no request for removal to a third country has been made," and "there is no evidence ... that suggests ICE intends to remove him to a country other than Armenia"); Uzzhina v. Chestnut, No. 1:25-CV-01594-DAD-SCR, 2025 WL 3458787, at *2 (E.D. Cal. Dec. 2, 2025) ("The court will deny without prejudice this request for temporary injunctive relief because the evidence before the court at this time is that respondents intend to remove petitioner to either Russia or Kazakhstan, not a third country.").

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 20, 2026**

STANLEY A. BOONE
United States Magistrate Judge

4